1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LORI BETH THOMPSON,                           No.  2:15-cv-00167 AC

12                    Plaintiff,

13          v.                                       ORDER

14    CAROLYN W. COLVIN, Acting
      Commissioner of the Social Security
15    Administration,

16                    Defendant.

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under

20    Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that

21    follow, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's

22    cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C.

23    § 405(g), for further proceedings.

24    ////

25    _____

26    [1]  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003)
27    ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

28

1                             I. PROCEDURAL BACKGROUND

2      A. Prior Applications

3         Plaintiff initially applied for supplemental security and for disability income under Title II

4 of the Act, 42 U.S.C. §§ 401-34, on October 30, 2007.  Administrative Record ("AR") 22

5 (decision).[2]  This application was denied on February 25, 2010 in a decision by an ALJ after a

6 hearing at which plaintiff represented herself.  AR 117-32 (prior decision & exhibit list).  Plaintiff

7 did not appeal this decision.  ECF No. 16-1 at 7 (plaintiff's summary judgment brief).

8         Plaintiff then applied for supplemental security income on July 22, 2010.  AR 22.  This

9 application was denied on November 17, 2010, apparently at the state agency level.  Id.  The

10 November 17, 2010 denial is not a part of the Administrative Record.  Plaintiff did not appeal this

11 decision.  Id.

12      B. The Current Application

13         Plaintiff's current application for supplemental security income was submitted on April

14 21, 2011.  Id.  The disability onset date was alleged to be April 18, 2000, but was later amended

15 to July 22, 2010.  Id.  The application was disapproved initially on August 10, 2011, and upon

16 reconsideration on May 8, 2012.  Id.  On February 22, 2013, ALJ Dante M. Alegre presided over

17 the hearing on plaintiff's challenge to the disapprovals.  AR 63-86 (transcript).[3]  Plaintiff was

18 present and testified at the hearing, and she was represented by attorney Randall Padgett at the

19 hearing.  AR 63.  Alina Sala, a vocational expert, also testified at the hearing.  AR 63, 80-81,

20 82-85.

21         On April 29, 2013, after denying plaintiff's request to re-open her July 22, 2010

22 application (and the November 17, 2010 denial of that application), the ALJ issued an

23 unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of

24

---

[2]  The AR is electronically filed at ECF Nos. 14-3 to 14-9 (AR 1 to AR 440).

25 [3]  Just before the hearing, on February 19, 2013, plaintiff wrote to the ALJ requesting "the
reopening of, and a fully favorable decision on, her application for Title XVI benefits, filed on

26 7/22/10 and denied at the initial claim level on 11/17/10."  AR 282.  ALJ denied the request.
That denial is not included in the Administrative Record, and plaintiff does not address the denial

27 on this appeal.  Accordingly, the court will not address plaintiff's request, directed to the ALJ, to
reopen the November 17, 2010 initial claim denial, or its denial by the ALJ.

28

the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 22-38 (decision), 39-42 (exhibit list).  On December 18,

2014, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the

final decision of the Commissioner of Social Security.  AR 1-5 (decision & order receiving

additional exhibit).

Plaintiff filed this action on January 21, 2015.  ECF No. 1; see 42 U.S.C. §§ 405(g),

1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 3, 11.  The

parties' cross-motions for summary judgment, based upon the Administrative Record filed by the

Commissioner, have been fully briefed.  ECF Nos. 16 (plaintiff's summary judgment motion), 19

(Commissioner's summary judgment motion), 20 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was born on December 21, 1964, and accordingly was 46 years old when she

filed her application.  AR 36.  Plaintiff has a high school education.  AR 36.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

supported by substantial evidence and if the Commissioner applied the correct legal standards."

Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

### A.  Substantial Evidence

Substantial evidence is "more than a mere scintilla," but "may be less than a

preponderance."  Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the

record can constitute substantial evidence, only those 'reasonably drawn from the record' will

suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court

nonetheless must review the record as a whole, "weighing both the evidence that supports and the

evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS,

1    846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

2    court must consider both evidence that supports and evidence that detracts from the ALJ's

3    conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

4         B.   Credibility Determinations

5         "The ALJ is responsible for determining credibility, resolving conflicts in medical

6    testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

7    Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of

8    which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

9    278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

10   ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn

11   v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

12   2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

13   evidence that the ALJ did not discuss").

14        C.   Harmless Error

15        The court will not reverse the Commissioner's decision if it is based on harmless error,

16   which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

17   ultimate nondisability determination.'"  Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006)

18   (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

19   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

20        D.   The Presumption of Continuing Non-Disability

21        "The principles of res judicata apply to administrative decisions, although the doctrine is

22   applied less rigidly to administrative proceedings than to judicial proceedings."  Chavez v.

23   Bowen, 844 F.2d 691, 693 (9th Cir. 1988).  The ALJ's or Appeals Council's finding of non-

24   disability, once it becomes the final decision of the Commissioner, is given "res judicata effect"

25   as to the period of disability covered by the decision, so long as no "manifest injustice" would

26   result.  Lyle v. Secretary of Health & Human Services, 700 F.2d 566, 568 & 568 n.2 (9th Cir.

27   1983).

28   ////

4

1   However, for any subsequent, un-adjudicated period of alleged disability, an ALJ's

2   finding that a claimant is not disabled only "create[s] a *presumption* that [the claimant] continued

3   to be able to work" after the adjudicated period.  Lester v. Chater, 81 F.3d 821, 827-28 (9th Cir.

4   1996) (emphasis added).  This is the version of "administrative res judicata" that is at issue here.

5   Plaintiff does not challenge the prior finding of disability, but rather, she challenges the

6   presumption that arises from that finding.  "The claimant, in order to overcome the presumption

7   of continuing nondisability arising from the first administrative law judge's findings of

8   nondisability, must prove 'changed circumstances' indicating a greater disability."  Chavez, 844

9   F.2d at 693 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985)); Light v. Soc. Sec.

10  Admin., 119 F.3d 789, 791-92 (9th Cir. 1997) ("[t]he claimant may overcome the presumption by

11  proving the existence of 'changed circumstances' that would establish disability'") (some internal

12  quotation marks omitted) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).

## IV.  RELEVANT LAW

14  Supplemental Security Income is available for every eligible individual who is "disabled."

15  42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful

16  activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert,

17  482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A)).

18  The Commissioner uses a five-step sequential evaluation process to determine whether an

19  applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540

20  U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine

21  disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

22
23  Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

24  20 C.F.R. § 416.920(a)(4)(i), (b).

25  Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

26  Id., § 416.920(a)(4)(ii), (c).

27
28  Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt.

5

404, Sept. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

1. [Step 1] The claimant has not engaged in substantial gainful activity since July 22, 2010, the amended onset date (20 CFR 416.971 *et seq.).*

2. [Step 2] The claimant has the following severe impairments: degenerative joint disease of both knees, mild intermittent obesity, schizophrenia, personality disorder, and bipolar disorder (20 CFR 416.920(c)).

3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. [Preparation for Step 4]  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant can lift 10 pounds occasionally and less than 10 pounds frequently, can stand/walk two hours of an eight-hour workday, and can sit six hours of an eight-hour workday.  She is limited to occasional

6

climbing of stairs/ramps, balancing, stooping, crawling, crouching, or kneeling. She is precluded from climbing ladders, ropes, or scaffolds. She must be allowed to sit or stand at will. She is limited to simple repetitive tasks that involve few work place changes and no more than occasional interaction with the public and co-workers.

5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. [Step 5] The claimant was born on December 21, 1964 and was 46 years old, which is deemed as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).

7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 21, 2011, the date the application was filed (20 CFR 416.920(g)).

AR 25-37.

As noted, the ALJ concluded that plaintiff was "not disabled" under

Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 38.

VI.  ANALYSIS

Plaintiff argues that the ALJ erred by giving res judicata effect to her earlier application

for benefits.  See ECF No. 16-1 at 22.  Specifically, plaintiff notes that "she was not represented

in the prior hearing," and also that "the record did not include medical source statements

regarding her mental impairment because she failed to attend either of the consultative

examinations scheduled by the State Agency (Tr. 125, 126)."  Id.  Because this matter must be

remanded for this improper application of res judicata, the court does not address plaintiff's other

arguments.

A.  <u>Administrative Res Judicata and the Presumption of Continuing Non-Disability</u>

The ALJ notes that plaintiff's prior application for SSI was denied by an ALJ on October 30, 2007.  AR 22.  The ALJ further notes that Acquiescence Ruling 97-4(9), which imposes a "presumption of continuing nondisability," is "pertinent" to the current application for benefits.  <u>Id.</u>  The ALJ goes on to acknowledge that "[i]n this case, the presumption of non-disability is rebutted because the claimant alleged new impairments that were not considered in the prior decision."  AR 23.

With this acknowledgment, the ALJ rejected the presumption on the ultimate issue of disability.  Nevertheless, he went on to review "each finding of the prior decision" to determine "whether it will be adopted or whether new and material evidence has been obtained in the current claim which would support a change in the finding."  <u>Id.</u>  After finding that "there are few changes in functioning since the prior decision," the ALJ stated that "most of the findings from the prior decision have been adopted except as set forth below."  <u>Id.</u>

The ALJ's discussion of res judicata and the Acquiescence ruling addressed only the fact that plaintiff now alleges "changed circumstances," specifically, she alleges new impairments that were not considered by the prior ALJ.  If that were the only circumstance affecting the application of res judicata, it appears that the ALJ could adopt the prior decision's findings regarding issues that are not affected by the changed circumstances.  <u>See</u> <u>Chavez</u>, 844 F.2d at 694 (where the only "changed circumstance" was the claimant's "attainment of 'advanced age' status," "[p]rinciples of res judicata make binding the first judge's determinations that the claimant had a residual functional capacity of light work, was of limited education, and was skilled or semi-skilled"); Social Security Acquiescence Ruling A97-4(9), 62 Fed. Reg. 64038 (December 3, 1997) (as for findings from the prior decision, including findings on the claimant's RFC, education or work experience, the ALJ "*must* adopt such a finding from the final decision on the prior claim . . . unless there is new and material evidence relating to such a finding") (emphasis added).[4]

---

[4]  The "Acquiescence Ruling" implements the <u>Chavez</u> decision for claimants living in the Ninth Circuit.

1    However, the ALJ did not consider the fact that plaintiff was not represented by counsel in

2    the prior proceeding.  This was legal error, because neither <u>Chavez</u> nor the Acquiescence Ruling

3    addresses how to apply administrative res judicata in such a case.

4                    1.  <u>Plaintiff was not represented by counsel in the prior proceeding</u>

5    The version of "administrative res judicata" that is challenged here – namely, the

6    presumption of continuing non-disability – does not apply "where the claimant was unrepresented

7    by counsel at the time of the prior claim."  <u>Lester</u>, 81 F.3d at 827-28.  Here, as plaintiff asserts,

8    plaintiff was unrepresented by counsel at the time of her prior claim.  <u>See</u> AR 87-116 (transcript

9    of previous hearing), 120 (prior ALJ states that plaintiff proceeded "without the assistance of an

10   attorney or other representative").  Therefore, the presumption of non-disability never arose in

11   this case, and it was legal error for the ALJ to base his decision upon his finding that plaintiff

12   failed to overcome the presumption.

13                   2.  <u>Fairness and equity preclude the application of administrative res judicata</u>

14   Even if some version of administrative res judicata were to apply in this case,[5] the court

15   must follow the Ninth Circuit's instruction that, notwithstanding the importance of administrative

16   res judicata, "enforcement of that policy must be tempered by fairness and equity."  <u>Thompson v.</u>

17   <u>Schweiker</u>, 665 F.2d 936, 940-41 (9th Cir. 1982).  Therefore, res judicata and collateral estoppel

18   "are qualified or rejected when their application would contravene an overriding public policy or

19   result in manifest injustice."  <u>Id.</u> (internal quotation marks omitted).  Applying these principles,

20   _____

21   [5] In <u>Lester</u>, the plaintiff *was* represented by counsel at the time of the prior claim.  The courts
     interpreting <u>Lester</u> have varied on whether its language is binding, or dicta, or something in

22   between.  <u>See Carter v. Astrue</u>, 2008 WL 4078745 at *10, 2008 U.S. Dist. LEXIS 77420 at *29
     (E.D. Cal.) (Snyder, M.J.), <u>report and recommendation adopted,</u> 2008 WL 4633378, 2008 U.S.

23   Dist. LEXIS 83460 (2008) (O'Neill, J.) (declining to apply this language from <u>Lester</u>, noting that
     "[t]here is no indication that the prior proceeding in *Lester* involved an unrepresented claimant;

24   the court did not rely on the absence of counsel in the previous proceeding in determining that res
     judicata should not be applied, and it appears that at some stage of the proceedings, the applicant

25   had counsel"); <u>McGlothen v. Colvin</u>, 2015 WL 5706186 at *2, 2015 U.S. Dist. LEXIS 131678
     at *6 (C.D. Cal. 2015) ("the presumption does not apply 'where the claimant was unrepresented

26   by counsel at the time of the prior claim'") (quoting <u>Lester</u>); <u>Martinez v. Colvin</u>, 2014 WL
     2967600 at *7, 2014 U.S. Dist. LEXIS 89603 at *23 (N.D. Cal. 2014) (the presumption does not

27   apply "where the claimant's unrepresented status has resulted in an inadequate record").

28

1   the court concludes that where plaintiff was not represented during the prior claim, res judicata

2   may not be applied in the rigid manner called for by the Acquiescence Ruling, which permits a

3   variance only if "new and material evidence" warrants it.  See Gregory, 844 F.2d at 666

4   ("[b]ecause Gregory was not represented by counsel when she filed her 1981 claim, the rigid

5   application of res judicata would be undesirable").  Unlike the cases where there are "changed

6   circumstances" that may affect one or more specific medical or functional findings, the lack of

7   representation affects everything about the prior decision, not simply the ultimate finding of

8   disability.

9        Although the ALJ did not rigidly apply res judicata to the entirety of the prior decision, he

10   did rigidly apply that principle against plaintiff, as required by the Acquiescence Ruling, where

11   he found that there were insufficiently changed circumstances.  Specifically, the ALJ found that

12   there was insufficient evidence to change the mental RFC found in the prior decision:

13            In summary, although the current record contains additional
             evidence regarding the claimant's mental impairments . . . there is
14            no new and material evidence to support a change in the claimant's
             mental residual functional capacity or to support the claimant's
15            allegations of more restrictive mental limitations.

16   AR 36.  The ALJ made a similar finding regarding plaintiff's RFC overall:

17            In sum, the above residual functional capacity assessment is
             supported by the fact that there have been only minimal changes in
18            the claimant's impairments and functioning since the prior decision.

19   Id.  Based upon these findings, the ALJ then adopted the prior decision's RFC "with the limited

20   changes noted above."  Id.  The court concludes that it was legal error for the ALJ to adopt the

21   RFC largely intact from the prior decision, and to then rely on that RFC as the basis for his

22   ultimate conclusion that plaintiff was not disabled.

23        There could well be circumstances in which some application of res judicata might be

24   warranted even though plaintiff was not represented by counsel in the prior proceeding.

25   However, this is not such a case.  In Carter v. Astrue, for example, among the reasons given for

26   applying some form of res judicata notwithstanding plaintiff's unrepresented status, the district

27   court pointed out that "[p]laintiff elected to proceed in that action after being advised of her right

28   of representation," and "[t]here was no apparent dearth of evidence to support the prior decision,

10

1  and there is no challenge to its accuracy here."  2008 WL 4078745 at *10, 2008 U.S. Dist. LEXIS

2  77420 at *29 (E.D. Cal.) (Snyder, M.J.) (emphasis added), report and recommendation adopted,

3  2008 WL 4633378, 2008 U.S. Dist. LEXIS 83460 (2008) (O'Neill, J.).  In addition, in Carter, the

4  ALJ's "specific reference to the previous findings was limited and was in Plaintiff's favor."

5  Carter, 2008 WL 4078745 at *11, 2008 U.S. Dist. LEXIS 77420 at *31.

6          In this case however, plaintiff did not "elect" to proceed without counsel.  To the contrary,

7  in the earlier proceeding, plaintiff moved for a continuance so that she could obtain counsel, but

8  the ALJ denied her motion.  AR 90-91.[6]  In addition, as plaintiff points out, none of the

9  underlying medical records from the prior ALJ decision are included in the Administrative

10  Record here.  Thus, this court cannot determine whether the effects of plaintiff's current multiple

11  mental impairments ("schizophrenia, personality disorder, and bipolar disorder") are the same as or

12  worse than the effects of her single mental impairment ("depression") at the prior proceeding.[7]  In

13  addition, the ALJ in the prior proceeding found plaintiff to be "not disabled," not because of the

14  medical evidence in the record, but largely because plaintiff did not cooperate with agency

15  physicians:

16                  The State Agency medical consultants were unable to issue medical
                source statements regarding the claimant's ability to perform work-
17                related activities due to her failure to attend the scheduled
                appointments (Ex. IB & 3B).  It was their contention that *the record*
18                *provided insufficient evidence to make a medical determination as*
                *to how her conditions limited her ability to work.  Due to this*
19                *failure to cooperate on the claimant's part, the medical consultants*
                *ascertained that the claimant is not disabled.*  The Administrative
20                Law Judge notes that, although these are nonexamining physicians
                under Social Security Ruling 96-6p, their opinions are entitled to
21

22  [6]  The court does not intend this recitation to be a criticism of the ALJ's decision to require
    plaintiff to go forward without counsel.  At the time of the hearing, the ALJ had no paperwork
23  that indicated that there was any possibility that "Mr. Brixie" might choose to represent plaintiff.
    AR 91.  The ALJ also advised plaintiff that she could "request a supplemental hearing" if she
24  obtained counsel in time.  Id.  However, the involuntary nature of plaintiff's unrepresented status
    is a factor in considering whether to apply administrative res judicata.  The prior ALJ states that
25  plaintiff "chose" to proceed without counsel (AR 120), but that statement is belied by the
    Administrative Record.  See AR 91 ("I'm going to deny your motion for a continuance," which
26  plaintiff sought so that she could obtain counsel).

27  [7]  Moreover, the ALJ in the prior proceeding notes that "[t]here has been no formal assessment by
    a treating mental health professional."  AR 126.
28

1    consideration in conjunction with all of the other evidence and are
     found persuasive by the undersigned.

2

3    AR 126 (emphasis added).  Moreover, unlike the situation in <u>Carter</u>, the ALJ in this case applied

4    res judicata throughout his decision, and against plaintiff's interest, rather than in her favor.[8]

5           The court concludes that applying administrative res judicata against plaintiff – based

6    upon a prior proceeding where plaintiff was not represented, where she was denied a continuance

7    so that she could obtain counsel, where the record of the prior proceeding is not in the

8    Administrative Record, and where the prior decision was based largely upon plaintiff's lack of

9    cooperation rather than on medical evidence – would be a manifest injustice to plaintiff.  The

10   court therefore examines whether the ALJ's decision can be upheld independently of the prior

11   decision.  <u>See</u> <u>Taylor</u>, 765 F.2d at 875 (because substantial evidence supports the Secretary's

12   finding that Taylor was not under a disability even if the presumption of non-disability were not

13   applied, "the Secretary's decision must be affirmed").

14          B.  <u>Harmless Error</u>

15          Under the harmless error standard, the ALJ's decision "must be affirmed" if substantial

16   evidence supports the ALJ's finding that plaintiff was not under a disability, even if the

17   presumption were not applied.  <u>Taylor</u>, 765 F.2d at 875.  However, this analysis is constrained by

18   the principle that this court can review "only the reasons provided by the ALJ in the disability

19   determination and may not affirm the ALJ on a ground upon which he did not rely."  <u>Orn</u>, 495

20   F.3d at 630.

21          That principle precludes application of harmless error analysis here, because the ALJ did

22   not find, independently of the prior decision, that plaintiff was "not disabled."[9]  Rather, he found

23   _____

24   [8]  The ALJ did decline to apply the Acquiescence Ruling in several places in his decision, but the
     decision largely "adopts" the RFC findings from the prior decision.

25   [9]  The ALJ's decision discusses and analyzes much evidence, suggesting that harmless error
     analysis would be feasible.  It is even possible that this court's independent review of the

26   evidence in the record could provide grounds for finding that plaintiff is not disabled, apart from
     consideration of whether her condition has significantly changed since the earlier decision.

27   However, the ALJ's ultimate disability decision in this case cannot be disentangled from its
     erroneous reliance on the prior disability decision's RFC.

28

1  that plaintiff was not disabled because there was not enough of a change in her condition since the

2  earlier decision.  This court cannot affirm on the basis of what the ALJ might have done if he had

3  considered the evidence, and reached an RFC, independently of the prior decision; rather, the

4  court can only affirm the ALJ's decision on the reasons stated and relied upon by the ALJ:

5  These specific [credibility] findings might be adequate under
   Dodrill [v. Shalala, 12 F.3d 915 (9th Cir. 1993)].  But the problem
6  is that we cannot rely on independent findings of the district court.
   We are constrained to review the reasons the ALJ asserts.
7

8  Connett, 340 F.3d at 874 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

9  The ALJ must be given the opportunity to decide in the first instance – and independently

10 of the prior disability decision – whether plaintiff is disabled or not.

11                                  VII.  CONCLUSION

12 For the reasons set forth above, IT IS HEREBY ORDERED that:

13 1.  Plaintiff's motion for summary judgment (ECF No. 16), is GRANTED;

14 2.  The Commissioner's cross-motion for summary judgment (ECF No. 19), is DENIED;

15 3.  This matter is remanded under sentence four of 42 U.S.C. § 405(g), for further

16 proceedings consistent with this decision; and

17 4.  The Clerk of the Court shall enter judgment for defendant, and close this case.

18 DATED: July 26, 2016

19 *allison Clare*

20 ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

13