UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BETH THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:15-cv-0167-AC<br><br><br><br>ORDER |

Plaintiff Lori Beth Thompson commenced this social security action on January 21, 2015. ECF Nos. 1-3.[1] On July 27, 2016, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. ECF Nos. 22, 23. Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 24. The Commissioner filed an opposition to plaintiff's motion, and plaintiff filed a reply brief. ECF Nos. 26. After

////

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 11.

1

considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because she successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2]

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on July 27, 2016. (ECF No. 23.) The judgment became a non-appealable "final judgment" 60 days later on September 25, 2016. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official

Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA, because the position of the Commissioner was substantially justified. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. As discussed in detail in the court's prior order,[3] the ALJ's application of res judicata against plaintiff – based upon a prior proceeding where plaintiff was not represented, where she was denied a continuance so that she could obtain counsel, where the record of the prior proceeding is not in the Administrative Record, and where the prior decision was based largely upon plaintiff's lack of cooperation rather than on medical evidence – was a manifest injustice to plaintiff warranting remand. Although the Commissioner attempts to argue that the law is unclear and there are cases where res judicata may be appropriately applied, the

---

capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by October 25, 2016. Plaintiff's October 24, 2016 application is therefore timely.

[3] The court does not repeat its analysis of the substantive issues here, but instead refers the parties to its July 27, 2016 order. See ECF No. 22.

Commissioner's arguments are not persuasive when, under the facts of this case, the Court found it was clear that the application of res judicata was improper. ECF No. 26 at 3, citing Lester v. Charter, 81 F.3d 821, 827-28 (9th Cir. 996). As such, the Commissioner's position during the administrative proceedings, and its defense of that position in the litigation before this court, were not substantially justified. Therefore, having concluded that the Commissioner's position was not substantially justified, and that there are no other special circumstances that would make an award of EAJA fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).[4] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

The Commissioner does not oppose plaintiff's requested rate, but does oppose the

---

[4] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit for the years in which work was performed.

requested hours alleging that they are improperly block-billed. ECF No. 26 at 7. In this case, plaintiff submitted a timesheet, with entries broken down by tasks performed related to the case, showing that plaintiff's counsel spent 43 hours on this case in 2015 and 8 hours in 2016, at a cost-of-living adjusted rate of $186.00, for a total fee request of $9,486.00. ECF No. 24-1 at 11. After an independent review of the time entries, the court finds the amount of time spent by plaintiff's counsel to be reasonable. Though counsel's time entries are on the verge of impermissibly minimal, and counsel is strongly encouraged to submit more detailed time sheets in the future, under the circumstances of this case they are adequate. Although they lack detail, they do not combine multiple tasks per entry. Furthermore, in light of the fact that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the amount of fees sought is consistent with the result obtained.

Therefore, the court will award plaintiff EAJA attorneys' fees in the full amount of $9,486.00. Plaintiff's counsel requests that payment be made directly to counsel, though he does not submit an executed assignment of EAJA fees from plaintiff to counsel. ECF No. 24-1. In any case, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 24) is GRANTED.
2. Plaintiff is awarded attorneys' fees in the total amount of $9,486.00 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: June 20, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE